# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| James R. Edens (N-60262), ) | |
| ) | |
| Plaintiff, ) | District Court Case No. 15 C 50307 |
| ) | Appellate Court Case No. 16-1386 |
| v. ) | |
| ) | Judge Philip J. Reinhard |
| Equifax, Experian, TransUnion, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's motion to proceed *in forma pauperis* on appeal [12] is denied. The court certifies that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3), and plaintiff has stated no grounds for his appeal. *See* Fed. R. App. P. 24(a). To proceed with his appeal, plaintiff must either pay the appellate fees of $505 within 14 days or seek review of this court's denial of his motion to proceed *in forma pauperis* on appeal in the U.S. Court of Appeals for the Seventh Circuit within 30 days of entry of this order. The Clerk of this Court is directed to send a copy of this order to the Clerk of the U.S. Court of Appeals for the Seventh Circuit.

## STATEMENT

Plaintiff James Edens, a prisoner confined at Dixon Correctional Center, seeks to appeal the court's January 22, 2016 order [6] dismissing this case. In that order, the court determined that plaintiff's allegations failed to state a claim and dismissed this case. Plaintiff alleged that three credit reporting agencies' responses to plaintiff's requests for his credit history reports constituted violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Currently before the court is plaintiff's motion for leave to proceed *in forma pauperis* on appeal [12].

"[A]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3). A finding of no good faith is comparable to a finding that an appeal would be frivolous. *Lee v. Clinton*, 209 F .3d 1025, 1026 (7th Cir. 2000). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (citation and internal quotation marks omitted); *see also In re Gulevsky*, 362 F.3d 961, 964 (7th Cir. 2004) ("An appeal is frivolous when the appellant's arguments are utterly meritless and have no conceivable chance of success.").

As noted in the court's January 22, 2016 order, the responses plaintiff received from the credit reporting agencies (he attached several of them to his complaint) showed that the agencies did not refuse to provide plaintiff with his credit history reports because he lacked sufficient identification materials, but rather, because he had no credit history, possibly due to his lengthy

incarceration and lack of activity that would be on a credit report. Even if the agencies had refused to provide plaintiff with his credit reports because he presented no identifying documents, such refusals are consistent with 15 U.S.C. § 1681h(a)(1), which states that the credit reporting agencies must "require, as a condition of making the disclosures . . ., that the consumer furnish proper identification." Given that plaintiff acknowledged he produced no identification documents and that his pleadings indicated he made no attempts for assistance from prison personnel to furnish some type of identification to the credit agencies, it was clear from his complaint that he stated no claim under the Fair Credit Reporting Act. Nor did there appear to be another federal law applicable to his allegations. Neither plaintiff's notice of appeal nor his application to proceed *in forma pauperis* on appeal challenges the court's reasoning or provides a ground for his appeal, *see* Fed. R. App. P. 24(c), and the court's January 22, 2016 order appears correct.

Accordingly, for the reasons stated above, the court certifies that plaintiff's appeal is not taken in good faith and denies his motion to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3). Plaintiff must pay the $505 appellate filing fee. In accordance with *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), overruled on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), plaintiff must pay the $505 fee within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. Such payment must be provided to the Clerk of this Court.

If plaintiff seeks to contest this court's finding that he does not qualify for *in forma pauperis* status for his appeal, he must file a motion with the Court of Appeals seeking review of this court's ruling within 30 days after service of this order. *See* Fed. R. App. P. 24(a).

Date: 4/29/2016  ENTER:

*Philip G. Reinhard*

United States District Court Judge

Notices mailed by Judicial Staff. (IK)